IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER "PETE" DEMOS, | ) |
| | ) No. 08 C 1186 |
| | ) |
| Plaintiff, | ) |
| | ) Judge Shadur |
| v. | ) |
| | ) Magistrate Judge Cox |
| CHICAGO TRANSIT AUTHORITY | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF CHICAGO TRANSIT AUTHORITY'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Chicago Transit Authority ("CTA"), by and through its attorneys, submits the following memorandum in support of its motion to dismiss Plaintiff's Complaint for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12 (b)(6).

**INTRODUCTION**

Peter Demos was discharged in April 2005, after he was arrested for solicitation of a prostitute during working hours and he lied to management about his absence from work. Demos grieved his discharge; a labor arbitrator heard his grievance and denied it. The crux of Demos' complaint is that he was denied due process and equal protection when CTA refused to reinstate him based on the ruling of an Administrative Law Judge for the Illinois Public Labor Relations Board – a ruling that did not even apply to Demos. Demos' claims should be dismissed with prejudice.

**FACTUAL ALLEGATIONS**

Demos was an employee of the CTA from 1995 to April 27, 2005. (Complaint, ¶¶3-4). He was a member of Local 726, International Brotherhood of State and

1

Municipal Teamsters, Chauffeurs and Helpers ("Teamsters Local 726").  (Exhibit A to Complaint, p. 1).  On April 13, 2005, he was assigned as a Service Truck Chauffer with day shift hours of 7:00 a.m. to 3:30 p.m.  (Complaint, ¶4).  That morning, he punched in at 6:52 a.m.  (*Id.,* ¶5).  Thereafter, he parked his CTA truck, got into his personal vehicle, and drove to 2701 West Madison Street, where he was arrested by undercover Chicago police officers, brought to the station house, and booked for soliciting a prostitute.  (*Id.*)  Demos did not notify CTA management of his whereabouts that day.  (*Id.*, ¶6).  At 6:30 p.m., he returned to his work site and told his superior that he had experienced symptoms of a heart attack in the morning and had gone home.  *Id.*  He related the same story to his manager later that day and added that he would not be at work the following day.  *Id.*  Upon his return to work April 15, 2005, he submitted a written report to explain his unauthorized absence, repeating the same story.  (*Id.*, ¶7).  CTA management cited him for "poor work performance," including leaving a CTA vehicle unattended on company time (*Id.*, ¶8), but subsequently learned that Demos had been arrested for solicitation of a prostitute and had been held at a police station for several hours.  (*Id.*, ¶9).  CTA subsequently discharged Demos for falsification.  (*Id.*, ¶11; Exhibit A to Complaint, p. 12).  Demos timely grieved his termination through Teamsters Local 726.  (Complaint, ¶12).  The parties submitted the grievance to binding arbitration before John Fletcher on January 26, 2006 and March 2, 2006.  (*Id.*, ¶16).

      On June 6, 2006, Arbitrator Fletcher denied Demos' grievance, concluding that "the Authority was justified in terminating Demos' employment" on two grounds: 1) "CTA Corrective Action Guidelines expressly state that employees making false and misleading written or verbal statements to management are subject to immediate

2

discharge;" 2) Demos' actions in soliciting a prostitute while on duty constituted conduct unbecoming a CTA employee.[1]  (Exhibit A, pp. 17-18).

On June 28, 2006, Administrative Law Judge Sharon Wells ("ALJ Wells") of the Illinois Public Relations Board sustained a Charge that had been filed on February 25, 2005 by the CTA Trade Coalition questioning CTA's issuance in March 2005 of "correctional guidelines" that were not the subject of collective bargaining between CTA and the Coalition.  (Complaint, ¶¶20-21; Exhibit B to Complaint, pp. 1-2).  **Teamsters Local 726 was not a member of the CTA Trade Coalition and was not a party in that action.**  (Exhibit B, p. 3).[2]  The CTA Trade Coalition's objections to the new guidelines were that they eliminated a step in many of the categories for corrective action; that they eliminated the injury-on-duty category and combined it with a safety category to create a new and different category; and that "categories that were separate under previous guidelines such as tardiness and illness were lumped together in one category accelerating disciplinary procedures."  (*Id.* pp. 8-9).

## LEGAL STANDARDS

A complaint attacked by a Rule 12(b)(6) motion must provide enough facts to state a claim to relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1965.

---

[1] Arbitrator Fletcher's decision was based on the arbitration testimony of Officer Stephanie Gonzales, who had arrested Demos on April 13, 2005. (Exhibit A, p. 15).  Labor arbitrators may properly uphold discharges based on evidence of criminal conduct, even if the grievant was not ultimately convicted of such conduct in a criminal court.  *See, e.g. City of Evansville & Amalgamated Transit Union,* 2001 WL 1829031, 116 Lab. Arb. 1184, 1186 (Cohen, 2001).

[2] "The CTA bargains with 16 unions, 11 of which are members of the Coalition. . . . Besides the Coalition, the CTA also bargains with . . . the Teamsters Local 726 . . ." Exhibit B, p. 3.

3

"Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Furthermore, the court must dismiss a complaint if it fails to allege an element that is essential to a claim for relief. *See Cannon v. Univ. of Chicago*, 648 F.2d 1104, 1109-10 (7th Cir.), *cert. denied*, 454 U.S. 1128, 102 S.Ct. 981 (1981). For purposes of a motion to dismiss, the court is to accept as true the well-pled facts in the complaint. *Klug v. Chicago School Reform Board of Trustees*, 197 F.3d 853, 855 (7th Cir. 1999). However, a court is not required to ignore any facts set forth in the complaint that undermine the plaintiff's claim or assign any weight to unsupported conclusions of law. *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir.1988).

## ARGUMENT

Demos' entire Complaint against the CTA must be dismissed for failure to state a claim for which relief can be granted. Count I, Demos' "selective prosecution" equal protection claim, must be dismissed because Demos failed to allege that CTA retaliated against him for exercising any particular constitutional right, one of the essential elements of such a claim. Count II, Demos' "class of one" equal protection claim, must be dismissed because Demos has failed to allege that any similarly situated people were treated better. Count III, Demos' due process claim, must be dismissed because Demos' due process rights were completely satisfied by his post-discharge arbitration.

**I.    Plaintiff Fails to State a "Selective Enforcement" Equal Protection Claim on Which Relief May be Granted**

Count I of Demos' Complaint does not fit either of the two molds of common equal protection claims involving, on the one hand, charges of singling out members of a vulnerable group for unequal treatment, and on the other hand, challenges to policies that allegedly make irrational distinctions. *See Esmail v. Macrane*, 53 F.3d 176, 178 (7th Cir.

4

1995).  Instead, it alleges that CTA vindictively refused to apply a required policy (presumably the notice that ALJ Wells required CTA to issue) to Demos.  Complaint, ¶29.  This "selective enforcement" theory is the mirror image of the "selective prosecution" theory discussed by the Seventh Circuit in *Esmail*, 53 F.3d at 178-79.

Since Demos' "selective enforcement" claim is evidently based on the "selective prosecution" theory, the basic pleading requirements of the latter must apply to the former.  As the Seventh Circuit noted in *Esmail*, "the only form of selective prosecution that is actionable under the federal Constitution is where the decision to prosecute is made either in retaliation for the exercise of a constitutional right, such as the right to free speech or to the free exercise of religion . . .".  53 F.3d at 179.  Demos has failed to allege that he exercised any constitutional right, in retaliation for which CTA could have based its decision to refrain from reinstating him.  This omission is fatal to Demos' "selective enforcement" claim.

There are several other problems with Demos' "selective enforcement" claim.  As Demos alleges, "CTA's own notice policy reflecting ALJ Wells' ruling" stated that the CTA 'WILL adjust, correct or expunge the disciplinary records of affected employees to reflect the CTA's reliance on previous guidelines imposing discipline.'"  (Complaint, ¶ 23).  Again, Teamsters Local 726 was not a member of the Trade Coalition, so ALJ Wells' ruling and required notice had no impact on Demos or any other Teamster.  When an exhibit attached to the complaint conflicts with the complaint, the exhibit typically controls.  *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006).  A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.  *Id.*  A court is not bound by the party's

characterization of an exhibit, and may independently examine and form its own opinions about the document. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).

Furthermore, Demos fails to allege (nor could he allege) that CTA's reversion to "the previous guidelines imposing discipline" would have entitled Demos to reinstatement. Since the 1950s, CTA has imposed a rule that a single incident of falsification is grounds for discharge. *See Stanulus v. Budd*, 1 Ill.App.2d 334, 337, 117 N.E.2d 655, 656 (1st Dist. 1953) (where employee falsely stated on application for employment as blacksmith with transit authority that he had never been arrested, the falsification justified his discharge by transit authority). It is beyond cavil in labor arbitration decisions that falsification of written and oral reports to management is just cause for discharge. *United Parcel Service & International Brotherhood of Teamsters*, 2001 WL 1701842 (Watkins, 2001) (employer had just cause to discharge for dishonesty truck driver who violated DOT regulation limiting number of hours he could drive and removed computer to cover it up). Based on Demos' admissions in his Complaint that he did indeed lie to management, CTA could have discharged Demos –and Arbitrator Fletcher could have denied Demos' grievance –without any reference to the Corrective Action Guidelines at all. The discharge-for-falsification rule referenced by Arbitrator Fletcher did not represent a departure from CTA's past practice.

**II.　　Plaintiff Fails to State a "Class of One" Equal Protection Claim on Which Relief May be Granted**

In Count II, which Demos describes as a "traditional equal protection claim," Demos alleges that CTA irrationally failed to apply ALJ Wells' ruling – which he claims is "applicable on its face to all trade workers under discipline" – to him. (*Id.*, ¶31.)

Demos does not identify himself as a member of a suspect class,[3] nor does he identify any fundamental right in question. A suspect class either "possesses an immutable characteristic determined solely by the accident of birth," or is "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 638 (7th Cir. 2007). There is no such thing as a fundamental right to government employment. *Dehainut v. Pena*, 32 F.3d 1066, 1075 (7th Cir. 1994). Thus, Count II must therefore be based on the "class of one" theory of equal protection, where the plaintiff alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074 (2000).

One of the pleading requirements for a "class of one" equal protection claim is the existence of similarly situated employees who were treated differently. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). For example, in *Willowbrook*, the plaintiffs specifically alleged that the village required them to grant a 33-foot easement over their property, while only requiring other property owners to grant a 15-foot easement. 528 U.S. at 565, 120 S. Ct. at 1075. In the instant case, Demos has completely failed to allege that CTA treated Demos differently from any other employee who was discharged after being arrested for soliciting prostitution while on duty and lying to CTA about his whereabouts. On these facts, Demos certainly is in a class by himself. It is not sufficient for Demos to compare himself generally to employees of the CTA Trade

---

[3] Although Demos incorrectly identifies himself as a member of the class of trade workers under discipline covered by the Administrative Law Judge's ruling, he alleges that he was treated differently from members of that class.

7

Coalition whose discipline was corrected as a result of ALJ Wells' ruling, particularly since any discipline so corrected was related to attendance, safety, and other matters involving steps in a progression, not discharge for arrest combined with falsification. (Exhibit B, pp. 8-9). See *Stachowski*, 425 F.3d at 1078 (plaintiff was not similarly situated to other officers who retired with untarnished records.)

In order to survive a motion to dismiss for failure to state an equal protection claim, "a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *St. John's United Church of Christ v. City of Chicago*, 502 F. 3d at 639 (7th Cir. 2007). Here, CTA refused to reinstate a former employee who solicited prostitution during working hours and then tried to cover it up by inventing a desperate series of falsehoods. Demos has failed to allege any facts demonstrating that this decision was irrational. Demos' "class of one" equal protection claim must therefore be dismissed.

## III.　Plaintiff Fails to State a Due Process Claim on Which Relief May be Granted

As this Court has previously pointed out, "a state may confer on its employees a degree of job security so great that the job becomes a form of 'property' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Buttitta v. City of Chicago*, 803 F. Supp. 213, 218 (N.D. Ill. 1992). "When a job becomes 'property,' the state may not take it away without notice and a hearing, though 'this procedure need not be elaborate and can be satisfied with less than a full evidentiary hearing.'" *Id*.

Demos' due process claim arose in his employment relationship with the CTA, a relationship governed by a collective bargaining agreement between the CTA and Demos' union, Teamsters Local 726. Demos' claim was necessarily one for breach of

8

the collective bargaining agreement, and he was therefore limited to the due process protections provided in that agreement. *Roman v. U.S. Postal Service*, 821 F.2d 382, 386 (7th Cir. 1987).

In the labor arbitration context, due process is satisfied so long as the arbitrator provided a fundamentally fair hearing, one that met the minimal requirements of fairness: adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator. *International Brotherhood of Electrical Workers v. CSX Transportation, Inc.*, 446 F.3d 714, 720 (7th Cir. 2006). Demos has failed to allege that any of these basic requirements were not met. He alleges that Arbitrator Fletcher incorrectly interpreted criminal law (Complaint, ¶¶14-15 and 18-19), not that he was biased. It is well settled that federal courts will not vacate an arbitration award merely because the arbitrator misinterpreted applicable law. *National Wrecking Co. v. International Brotherhood of Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir. 1993). As the Seventh Circuit ruled in that case:

> Judicial review of arbitration awards is narrow because arbitration is intended to be the final resolution of disputes. Arbitrators do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party. Rather, reviewing courts ask only if the arbitrator's award draws its essence from the collective bargaining agreement.

The *National Wrecking* decision is consistent with rulings of the Illinois Supreme Court that "if the award resolves a matter submitted by the parties for arbitration and contains the honest decision of the arbitrators after a full and fair hearing, a court will not set it aside for errors of fact or law." *See, e.g. Roubik v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 181 Ill.2d 373, 381, 692 N.E.2d 1167 (1998).

Demos alleges that the CTA violated Demos' constitutional right to due process by refusing to override the Arbitrator Fletcher's decision based on ALJ Wells' decision.

At the time ALJ Wells issued her decision, Demos had received all the due process rights to which he was entitled. In the arbitration, Teamsters Local 726 did not challenge Arbitrator Fletcher's use of the Corrective Action Guidelines. (See Exhibit A generally). CTA was under no obligation to reinstate Demos after he had already received a fundamentally fair hearing on the merits of his grievance, particularly since ALJ Wells' ruling applied only to members of the trade coalition and did not affect employees discharged for falsification. *Cf Roman*, 821 F.2d at 386.

Before leaving the subject of due process, CTA notes that Demos was entitled to file a petition to vacate the arbitration award in state court within 90 days of his receipt of the award. 710 ILCS 5/12(b). Prior to that due date, ALJ Wells had already issued her decision, and he could have included arguments about its applicability. However, Demos failed to avail himself of this opportunity.

## CONCLUSION

For the reasons stated above, CTA respectfully request that Plaintiff's Complaint be dismissed with prejudice.

                                                  Respectfully submitted,

                                                  Karen Rowan, General Counsel
                                                  Chicago Transit Authority

                                    By:        **/s/**
                                                  Carole A. Corns

Chicago Transit Authority
567 West Lake Street
Chicago, Illinois 60661
(312) 681-2937