CONFIDENTIAL

FILE COPY

# THE MORAN LAW GROUP
309 West Washington Street, Suite 900
Chicago, Illinois 60606-3209
Tel. 312.630.0200   Fax 312.630.0203

From the Desk of John Thomas Moran, Jr.
Email j.t.m.moran@gmail.com
www.lawyers.com/jmoran

Admitted in Illinois, Colorado
6th, 7th, 9th Circuit
US Supreme Court
Trial Bar N.D. Illinois

May 24, 2007

Mr. Robert M. Gierut
Vice President of Human Relations,
Chicago Transit Authority
567 W. Lake Street, 3rd Floor
Chicago, IL 60661

Re:   Peter Demos

Dear Mr. Gierut:

I represent Peter Demos, a former CTA employee who was summarily discharged. I have reviewed certain documents and materials which I find present disturbing questions concerning his termination from a public employer.

**A.   The Arbitration.**

In conjunction with my review of documents, I was provided with a copy of the Arbitrator's decision and award on Grievance No. 7210-05 (Arbitrator J. Fletcher), an arbitration put on by Local 726 of the Teamsters. The arbitration occurred on January 26, 2006 and March 2, 2006. The parties exchanged briefs on May 17, 2006.

My client's grievance was denied by written ruling on June 6, 2006. Disturbingly however, it makes no mention of the fact that on February 24, 2005, the CTA Trade Coalition filed a charge with the State Panel of the Illinois Labor Relations Board pursuant to the Illinois Public Labor Relations Act, 5 ILCS 315 (2004), questioning whether the CTA's use of a "single correctional guideline" (i.e., the "corrective action guidelines") which was never the subject of collective bargaining, could be relied upon for discipline, including termination. On June 28, 2006, Administrative Law Judge Sharon Wells agreed with the Coalition.

What is disturbing about the Arbitrator's Decision here is that he relied solely on the "corrective action guidelines" and on a profound mistake of fact as to the disposition of a misdemeanor criminal charge against Mr. Demos as the basis for ruling against my client's reinstatement. See Arb.Dec. p. 19: "The necessary nexus between his off-property crime (charges against him were never dismissed), and the CTA was satisfied in this case, given the fact that the illegal activity occurred while he was on duty and on the clock." See also, Arb.Dec., p. 18 - upholding the decision because



EXHIBIT C

of the "correctional action guidelines" which introduced a new category of "conduct unbecoming an employee." But neither this new ground for discipline nor the entire guidelines were ever bargained for and in consequence, the Illinois Labor Relations Board has ordered the CTA to post a Notice that states among other things to "cease and desist from refusing to bargain . . . regarding changes to the corrective action guidelines." More important, and directly applicable to Mr. Demos, the Notice states that the CTA "WILL adjust, correct or expunge the disciplinary records of affected employees to reflect the CTA's reliance on previous guidelines in imposing discipline rather than reliance on the guidelines implemented in March 2005."

**B. Disparate Treatment.**

My client's treatment has not only been unequal and disparate, it has been unfair. I can list numerous persons who have been charged with far greater misconduct, and some convicted of it - unlike Mr. Demos, who were reinstated in their positions. A couple: Gino Bruno, Tony Fiore, Tom McDonaugh.

Arbitrator Fletcher here noted that the Union local defended my client under the pre-existing disciplinary rules on the ground of disparate treatment. But Arbitrator Fletcher found that the "CTA Corrective Action Guidelines expressly state that employees making false and misleading written or verbal statements to management are subject to immediate discharge" which was not the prior rule. Moreover, the undercover police officer's testimony was never challenged based on the State's Attorney's non suit of the charge. See attached letter of Attorney Robert S. Molaro. The Arbitrator states that the prosecution was "deferred." That is simply wrong. If the prosecution was "stricken with leave to reinstate" the State had to act to reinstate within the remaining period of the speedy trial act. Once that expired, which was long before the 2006 arbitration hearing dates, the prosecution was barred. If the prosecution was "nolle prossed," then it was over - period. Double jeopardy attached and bars further prosecution. I attach a copy of a certified statement of disposition by the Clerk of the Circuit Court of Cook County, Illinois, which shows that the prosecution relied upon by the Arbitrator ended on June 9, 2005 and that the defendant demanded trial, thus assuring that the speedy trial provisions commanding trial within 160 days of the demand for trial for those on bond were triggered. See 725 ILCS 5/103-5(b) + (d). The criminal case was over by December 1, 2005.

For the Arbitrator, the crux of the matter was why Mr. Demos lied about the reason for leaving his post - that he was arrested for solicitation of a prostitute. See Arb. Dec. pp. 12-13. My client claimed embarrassment. He also claimed he was innocent. *Id.* Neither of these statements were false. The Arbitrator found that my client's abandonment and disregard of CTA rules occurred and that the most punishment that could be imposed was a letter of warning. See Arb.Dec. p. 12. But he then went to the corrective action guidelines and found that they punished conduct unbecoming an employee, and therefore the impact of my client's falsehood as to why he was not at the job was more serious. This is a sea change in the applicable code of conduct and is barred by the Illinois Labor Relations Board's holding as to the CTA's reliance on the corrective action guidelines was improper because they, the guidelines, were a "mandatory" subject of collective bargaining.

2

**C. Our Request of Reinstatement.**

Because of the CTA's and the Arbitrator's reliance on the illegal corrective action guidelines, and pursuant to the Illinois Labor Relations Board's Notice, Mr. Demos requests a return to the status quo and his immediate reinstatement as an employee, with appropriate backpay.

Please call me about this after you review it.

Sincerely,

John Thomas Moran, Jr.

JTM/bab

# THE MORAN LAW GROUP

(312) 630-0200
j.t.m.moran@gmail.com

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Pete Demos | John T. Moran |
| COMPANY: | DATE: |
|  | 05/24/07 |
| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
| 708-563-9842 | 5 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|  |  |
| RE: | YOUR REFERENCE NUMBER: |
| GIERUT LETTER FOR REVIEW |  |

[] URGENT  [ X ] FOR REVIEW _ PLEASE COMMENT  [] PLEASE REPLY _ PLEASE RECYCLE

NOTES/COMMENTS:

## ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGE COVERS THE SUBSTANCE AND CONTENT OF THIS FAX.

IMPORTANT!  This message is intended solely to be used by the individual or entity to whom it is addressed. It may contain information which is privileged, confidential and otherwise exempt from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone immediately and return this communication to us at the above address via the United States Postal Service or call us to otherwise arrange for its return. Thank you.

309 WEST WASHINGTON STREET, SUITE 900, CHICAGO, IL. 60606-3209

TRANSMISSION VERIFICATION REPORT

```
                                         TIME : 05/24/2007 17:35
                                         NAME : JOHN T MORAN ASSOC
                                         FAX  : 3126300203
                                         TEL  : 3126300200
```

```
DATE,TIME              05/24  17:33
FAX NO./NAME           17085639842
DURATION               00:01:41
PAGE(S)                06
RESULT                 OK
MODE                   STANDARD
                       ECM
```

BY FAX to PETE DEMOS AT (708) 563-9842:

July 13, 2007

Ron Huberman, President
Chicago Transit Authority
567 W. Lake Street, 3rd Floor
Chicago, IL 60661

Re: Peter Demos

Dear Mr. Huberman:

I am writing to you to suggest a way of resolving the employment dispute set out in the attached letter I sent last May 24th to Robert M. Gierut of the CTA who has not responded.

The letter details how my client, Pete Demos, has been both treated differently than other similarly situated CTA employees and in fact has been denied the relief ordered by an ALJ of the Illinois Labor Relations Board. The sole basis for termination was reliance by an arbitrator on an illegal and unbargained for factor.

I am writing in an attempt to avoid costly and potentially embarrassing litigation. My client understands that he needs to show that similarly situated employees have been treated differently by the CTA than he. And we have over a dozen individuals on which to make the comparison including those guilty of theft of services, and even more serious misconduct.

My client had a 19 year record without a write up. He was terminated for trying to disguise the fact that he was one of the victims of a Chicago Police prostitution "sting" operation, a charge so weak that it was not prosecuted. What amazed me was that the "bait" officer - who failed to testify on the charge - was called as a witness at my client's labor grievance and no objection was made. In addition, the arbitrator never realized that the charge was dropped.

Of course, none of that is relevant to the civil rights case I believe Mr. Demos has - that he has been denied equal protection of the law by being treated qualitatively differently than


EXHIBIT C

other, similarly situated, CTA employees.

I would be happy to meet and discuss this matter with you, Mr. Gierut, and/or your general or labor counsel.

Sincerely,

_____

John Thomas Moran, Jr.

Attachment: May 24, 2007 letter to R. Gierut, CTA