IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PETER "PETE" DEMOS, | ) | |
| | ) | No. 08 C 1186 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Shadur |
| v. | ) | |
| | ) | Magistrate Judge Cox |
| CHICAGO TRANSIT AUTHORITY | ) | |
| | ) | |
| Defendant. | ) | |

## CHICAGO TRANSIT AUTHORITY'S MOTION
## TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Chicago Transit Authority ("CTA"), by and through its attorneys, hereby moves to dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12 (b)(6).

1.Peter Demos was discharged in April 2005 after he was arrested for solicitation of a prostitute during working hours and lied to management about his reasons for being absent from work.

2.The crux of Demos' complaint is that he was denied due process and equal protection when CTA refused to reinstate him based on the ruling of an Administrative Law Judge for the Illinois Public Labor Relations Board. (FAC, ¶25.) That ruling, by ALJ Wells, required CTA to correct discipline that resulted from the application of certain disciplinary guidelines.

3.Teamsters Local 726 was not a member of the CTA Trade Coalition, so ALJ Wells' ruling did not apply to him on its face. (Exhibit B to FAC, p. 3.) Moreover, ALJ Wells' ruling only required CTA to correct discipline that would not have occurred

1

if CTA had relied on the previous corrective action guidelines. (*Id.*, p. 17.) It did not require CTA to reinstate any employee who could have been discharged without reference to the disciplinary guidelines. (*Id.*)

      4.      A complaint attacked by a Rule 12(b)(6) motion must provide enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Furthermore, the court must dismiss a complaint if it fails to allege an element which is essential to a claim for relief. *See Cannon v. Univ. of Chicago*, 648 F.2d 1104, 1109-10 (7th Cir.), *cert. denied*, 454 U.S. 1128, 102 S.Ct. 981 (1981).

      5.      The court must accept the plaintiff's factual allegations as true and draw all reasonable inferences from the pleadings in the plaintiff's favor. *Klug v. Chicago School Reform Board of Trustees*, 197 F.3d 853, 855 (7th Cir. 1999). However, the court need not ignore facts alleged in the complaint that undermine the plaintiff's claim or assign weight to unsupported conclusions of law. *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988).

      6.      When an exhibit attached to the complaint conflicts with the complaint, the exhibit typically controls. *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006). A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment. *Id.* A court is not bound by the party's characterization of an exhibit, and may independently examine and

form its own opinions about the document. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).

7.    The exhibits attached to Demos' complaint establish that Demos was not entitled to the benefits of ALJ Wells' ruling. Even if the terms and conditions of Demos' employment were covered by the ruling, Demos would not have been reinstated, because he was discharged for falsification, an offense that has historically been capital at CTA. *Stanulus v. Budd*, 1 Ill.App.2d 334, 337, 117 N.E.2d 655, 656 (1st Dist. 1953).

8.    In his First Amended Complaint, Demos asserts three claims under Section 1983 and the Fourteenth Amendment. Count I is akin to a "selective prosecution" equal protection claim. *See Esmail v. Macrane*, 53 F.3d 176, 178-79 (7th Cir. 1995). Demos failed to allege a key element of such a claim: namely, that he exercised some constitutional right in retaliation for which CTA could have based its decision not to reinstate him. *Id*. at 179.

9.    Count II is a "traditional equal protection" claim which is apparently based on the "class of one" theory. Demos failed to allege that CTA treated Demos differently from any other employee who was arrested for soliciting prostitution while on duty, and lied to CTA about his whereabouts. It was not sufficient for Demos to compare himself generally to members of the CTA Trade Coalition whose discipline on the issues of attendance and safety was corrected as a result of ALJ Wells' ruling. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005) (plaintiff was not similarly situated to other officers who retired with untarnished records.)

10.    Count III is a due process claim. In the labor arbitration context, due process is satisfied so long as the arbitrator provided a fundamentally fair hearing, one

that met the minimal requirements of fairness – adequate notice, a hearing on the evidence and an impartial decision by the arbitrator. *International Brotherhood of Electrical Workers v. CSX Transportation, Inc.*, 446 F.3d 714, 720 (7th Cir. 2006). Demos has failed to allege that any of these basic requirements were not satisfied. A federal court will not vacate an arbitration award merely because the arbitrator misinterpreted applicable law. *National Wrecking Co. v. International Brotherhood of Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir. 1993).

11. To his First Amended Complaint, Demos has added Count IV, a new Illinois Uniform Arbitration Act claim, is time-barred. Plaintiff failed to file a petition to vacate the arbitration award in state court under the 90 day limitations period imposed by that statute. 710 ILCS 5/12(b). This Court should dismiss the state claim even if it dismisses all of the federal claims because the disposition is clear as a matter of state law. *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993).

WHEREFORE, for the reasons cited herein, Defendant, Chicago Transit Authority, requests that this Court grant its motion to dismiss Plaintiff Peter "Pete" Demos' First Amended Complaint in its entirety, with prejudice, and grant CTA any other relief that the Court deems just and proper.

                Respectfully submitted,

                Karen Rowan, General Counsel
                Chicago Transit Authority

                By: ____/s/_____
                Carole A. Corns

Chicago Transit Authority
567 West Lake Street
Chicago, Illinois 60661
(312) 681-2937