**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PETER "PETE" DEMOS, | ) | |
| | ) | No. 08 C 1186 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Shadur |
| v. | ) | |
| | ) | Magistrate Judge Cox |
| CHICAGO TRANSIT AUTHORITY | ) | |
| | ) | |
| Defendant. | ) | |

**CHICAGO TRANSIT AUTHORITY'S CORRECTED MOTION**
**TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Chicago Transit Authority ("CTA"), by and through its attorneys,

hereby moves to dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state

a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12 (b)(6).

1.      Peter Demos was discharged in April 2005 after he was arrested for

solicitation of a prostitute during working hours and lied to management about his reasons

for being absent from work.

2.      The crux of Demos' First Amended Complaint, like that of his original

complaint, is that he was denied due process and equal protection when CTA refused to

reinstate him based on the ruling of an Administrative Law Judge for the Illinois Public

Labor Relations Board.  (FAC, ¶¶21-27.)  That ruling, by ALJ Wells, required CTA to

correct discipline that resulted from the application of certain disciplinary guidelines to

the CTA Trade Coalition.  (FAC, ¶22.)

3.      Teamsters Local 726 was not a member of the CTA Trade Coalition, so

ALJ Wells' ruling did not apply to him on its face.  (Exhibit B to FAC, p. 3.)  Moreover,

ALJ Wells' ruling only required CTA to correct discipline that would not have occurred if CTA had relied on the previous corrective action guidelines. (*Id.*, p. 17.) It did not require CTA to reinstate any employee who could have been discharged without reference to the disciplinary guidelines. (*Id.*)

4.    A complaint attacked by a Rule 12(b)(6) motion must provide enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Furthermore, the court must dismiss a complaint if it fails to allege an element which is essential to a claim for relief. *See Cannon v. Univ. of Chicago*, 648 F.2d 1104, 1109-10 (7th Cir.), *cert. denied*, 454 U.S. 1128, 102 S.Ct. 981 (1981).

5.    The court must accept the plaintiff's factual allegations as true and draw all reasonable inferences from the pleadings in the plaintiff's favor. *Klug v. Chicago School Reform Board of Trustees*, 197 F.3d 853, 855 (7th Cir. 1999). However, the court need not ignore facts alleged in the complaint that undermine the plaintiff's claim or assign weight to unsupported conclusions of law. *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988).

6.    When an exhibit attached to the complaint conflicts with the complaint, the exhibit typically controls. *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006). A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment. *Id.* A court is not bound by the party's characterization of an exhibit, and may independently examine and

form its own opinions about the document.  *McCready v. eBay, Inc.*, 453 F.3d 882, 891

(7th Cir. 2006).

7.      The exhibits attached to Demos' complaint establish that Demos was not

entitled to the benefits of ALJ Wells' ruling.  Even if the terms and conditions of Demos'

employment were covered by the ruling, Demos would not have been reinstated, because

he was discharged for falsification, an offense that has historically been capital at CTA.

*Stanulus v. Budd*, 1 Ill.App.2d 334, 337, 117 N.E.2d 655, 656 (1st Dist. 1953).

8.      In his First Amended Complaint, Demos reiterates the same three claims

under Section 1983 and the Fourteenth Amendment that he asserted in his original

complaint.  Count I is akin to a "selective prosecution" equal protection claim.  *See*

*Esmail v. Macrane*, 53 F.3d 176, 178-79 (7th Cir. 1995).  Again, Demos has failed to

allege a key element of such a claim: namely, that he exercised some constitutional right

in retaliation for which CTA could have based its decision not to reinstate him.  (*Id*. at

179.)

9.      Count II is a "traditional equal protection" claim which is apparently

based on the "class of one" theory.  Again, Demos has failed to allege that CTA treated

Demos differently from any other employee who was arrested for soliciting prostitution

while on duty and who lied to CTA about his whereabouts.  It was not sufficient for

Demos to compare himself generally to members of the CTA Trade Coalition whose

discipline on the issues of attendance and safety was corrected as a result of ALJ Wells'

ruling.  *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005) (plaintiff was

not similarly situated to other officers who retired with untarnished records.)

10.    Count III is a due process claim.  In the labor arbitration context, due

process is satisfied so long as the arbitrator provided a fundamentally fair hearing, one

that met the minimal requirements of fairness – adequate notice, a hearing on the

evidence and an impartial decision by the arbitrator.  *International Brotherhood of*

*Electrical Workers v. CSX Transportation, Inc*., 446 F.3d 714, 720 (7th Cir. 2006).

Again, Demos has failed to allege that any of these basic requirements were not satisfied.

A federal court will not vacate an arbitration award merely because the arbitrator

misinterpreted applicable law.  *National Wrecking Co. v. International Brotherhood of*

*Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir. 1993).

11.    Demos' First Amended Complaint differs from his original complaint only

because Demos has added Count IV, a new Illinois Uniform Arbitration Act claim.

Count IV is time-barred, because Demos failed to file a petition to vacate the arbitration

award in state court under the 90-day limitations period imposed by that statute (710

ILCS 5/12(b)), even though ALJ Wells' decision was issued during the 90-day period.

Furthermore, Demos has failed to allege any of the statutory grounds for tolling the

limitations period an additional 19 months.  (*See id.*)  This Court should dismiss the state

claim even if it dismisses all of the federal claims because the disposition is clear as a

matter of state law.  *Brazinski v. Amoco Petroleum Additives Co*., 6 F.3d 1176, 1182 (7th

Cir. 1993).

4

WHEREFORE, for the reasons cited herein, Defendant, Chicago Transit

Authority, requests that this Court grant its motion to dismiss Plaintiff Peter "Pete"

Demos' First Amended Complaint in its entirety, with prejudice, and grant CTA any

other relief that the Court deems just and proper.


                                        Respectfully submitted,

                                        Karen Rowan, General Counsel
                                        Chicago Transit Authority

                                        By: _____/s/_____
                                        Carole A. Corns

Chicago Transit Authority
567 West Lake Street
Chicago, Illinois 60661
(312) 681-2937