IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER "PETE" DEMOS,      ) | |
| ) | No. 08 C 1186 |
| ) | |
| Plaintiff,      ) | |
| ) | Judge Shadur |
| v.      ) | |
| ) | Magistrate Judge Cox |
| CHICAGO TRANSIT AUTHORITY      ) | |
| ) | |
| Defendant.      ) | |

**CHICAGO TRANSIT AUTHORITY'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT WITH PREJUDICE**

Defendant Chicago Transit Authority ("CTA"), by and through its attorneys, hereby moves to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) *with prejudice* for failure to state a claim for which relief can be granted. In support of its motion, CTA states as follows:

1. CTA hereby incorporates by reference Paragraphs 1 through 7 of its Corrected Motion to Dismiss Plaintiff's First Amended Complaint.

2. Count I of Demos' Second Amended Complaint is the same as Count I of Demos' previous complaints. Once again, Demos has failed to allege a key element of a "selective application" equal protection claim: that he exercised some constitutional right in retaliation for which CTA refused to reinstate him out of sheer vindictiveness. *See Esmail v. Macrane*, 53 F.3d 176, 178-79 (7th Cir. 1995).

3. CTA's decision not to reinstate Demos was supported by a longstanding rule that a single incident of falsification is grounds for discharge. *See Stanulus v. Budd*,

1 Ill.App.2d 334, 117 N.E.2d 655 (1st Dist. 1953). No version of the CTA's Corrective Action Guidelines would have dictated a different result.

4. Count II of Demos' Second Amended Complaint appears to be based on a theory of *substantive* (rather than procedural) due process. First, Demos alleges that a "ruling of the Illinois Labor Relations Board"[1] gave him a "property right" entitling him "to be made whole," and that CTA violated his right to "substantive due process" by refusing to apply that "ruling" to him. (Second Amended Complaint ("SAC"), ¶1). Demos contends that CTA erred by failing to give him notice of (and presumably, grant him a new hearing based upon) the "ruling," which was issued after the arbitrator denied Demos' grievance (*id.*, ¶¶17 & 20).

5. Anticipating CTA's objections, Demos contends that the "ruling" and its notices "apply to him because they "do not contain words of limitations" (SAC, ¶ 21). The actual words of ALJ Wells' Recommended Decision and Order ("Order") belie Demos' allegations. Specifically, the Order repeatedly references the Charging Party, the CTA Trade Coalition, and requires CTA to "make whole members of the unit." (SAC, Ex. B, ¶ 2(c)).

6. Even if the Order did somehow affect Demos, it could not form the basis of a substantive due process claim. The due process clause has a substantive component, but only with respect to "a handful of fundamental rights." *Goros v.County of Cook,* 489 F.3d 857, 860 (7th Cir. 2007). The scope of substantive due process is very limited and protects plaintiffs only against arbitrary government action that "shocks the conscience." *Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir. 2005).

---

[1] The correct title of the so-called "ruling" is Administrative Law Judge's Recommended Decision and Order. It is Exhibit B to Plaintiff's Second Amended Complaint.

2

7. Demos does not allege that the arbitration hearing itself violated his right to procedural due process. In fact, Demos conspicuously fails to allege that the Teamsters' counsel raised the issue of the pending ILRB charge during the arbitration, or otherwise objected to the application of the Corrective Action Guidelines. Grievants cannot withhold certain arguments during arbitration, then after losing the arbitration, raise such arguments in federal court. *National Wrecking Co. v. International Brotherhood of Teamsters*, 990 F.2d 957, 960 (7th Cir. 1993).

8. Demos' failure to timely exhaust his administrative remedies by bringing an action in state court to vacate the arbitration award does not confer upon him a procedural due process claim. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005).

For all of the foregoing reasons, as well as the reasons cited in Paragraphs 1-7 of its Corrected Motion to Dismiss Plaintiff's First Amended Complaint, CTA requests that this Court grant its motion to dismiss Plaintiff's Second Amended Complaint with prejudice and grant CTA any other relief that the Court deems just and proper.

Respectfully submitted,

Karen Rowan, General Counsel
Chicago Transit Authority

By: ____/s/_____
Carole A. Corns

Chicago Transit Authority
567 West Lake Street
Chicago, Illinois 60661
(312) 681-2937