IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER "PETE" DEMOS, | ) |
| | ) No. 08 C 1186 |
| | ) |
| Plaintiff, | ) |
| | ) Judge Shadur |
| v. | ) |
| | ) Magistrate Judge Cox |
| CHICAGO TRANSIT AUTHORITY | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF CTA'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE**

Defendant Chicago Transit Authority ("CTA"), by and through its attorneys, submits the following memorandum in support of its Motion to Dismiss Plaintiff's Second Amended Complaint, with prejudice, for failure to state a claim for which relief can be granted pursuant to Fed.R.Civ.P. 12 (b)(6).

**FACTUAL ALLEGATIONS**

CTA hereby incorporates by reference the "Introduction" and "Factual Allegations" sections of its Memorandum in Support of its Motion to Dismiss Plaintiff's First Amended Complaint.

**LEGAL STANDARDS**

CTA hereby incorporates by reference the "Legal Standards" section of its Memorandum in Support of its Motion to Dismiss Plaintiff's First Amended Complaint.

**ARGUMENT**

Demos' Second Amended Complaint must be dismissed for failure to state a claim for which relief can be granted. Count I, Demos' "selective prosecution" equal

1

protection claim, is infirm because Demos failed to allege that he engaged in protected activity that gave rise to a vindictive campaign against him. Count II, Demos' due process claim, is defective because Demos' procedural due process rights were completely satisfied by his grievance arbitration and because Demos has failed to allege that he was a victim of an arbitrary government action that "shocks the conscience."

I. **Plaintiff Fails to State a "Selective Application" Equal Protection Claim on Which Relief May be Granted**

CTA hereby incorporates by reference the arguments set forth in Section I of its Memorandum in Support of its Motion to Dismiss Plaintiff's First Amended Complaint.

II. **Plaintiff Fails to State a Due Process Claim on Which Relief May be Granted**

CTA hereby incorporates by reference the arguments set forth in Section III of its Memorandum in Support of its Motion to Dismiss Plaintiff's First Amended Complaint.

Count II of Demos' Second Amended Complaint appears to be based upon the theory of substantive due process rather than procedural due process. For the first time, Demos alleges that a "ruling of the Illinois Labor Relations Board" gave him a "property right" entitling him "to be made whole," and that CTA violated his right to "substantive due process" by refusing to apply that ruling to him. (Second Amended Complaint ("SAC"), ¶1).

Demos' substantive due process claim is evidently based on CTA's failure to give him notice of (and presumably, grant him a new hearing based upon) a "ruling by the Illinois Labor Relations Board" (SAC, ¶1). Undoubtedly anticipating CTA's objection that the "ruling" applies only to employee members of the CTA Trade Coalition, Demos contends that the "ruling" and its notices "apply to him because they "do not contain words of limitations" (SAC, ¶ 21). The actual words of ALJ Wells' Recommended

Decision and Order ("Order") belie Demos' allegations. Specifically, the Order repeatedly references the "Charging Party" and the "CTA Trade Coalition," and it directs CTA to "make whole members of the unit." (SAC, Ex. B, ¶ 2(c)).

Even if the Order did somehow affect Demos, it could not form the basis of a substantive due process claim. The due process clause has a substantive component only "with respect to a handful of fundamental rights." *Goros v. County of Cook*, 489 F.3d 857, 860 (7th Cir. 2007). In the context of an equal protection claim, there is no such thing as a fundamental right to government employment. *Dehainut v. Pena*, 32 F.3d 1066, 1075 (7th Cir. 1994). Besides, substantive due process protects plaintiffs only against arbitrary government action that "shocks the conscience." *Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir. 2005). Certainly, there is nothing conscience-shocking about CTA's refusal to reinstate Demos, particularly since he admits lying to CTA management about his arrest. *Cf. Evers v. Astrue*, 2008 WL 2927725 (7th Cir. 2008) (Social Security Administration's discharge of neurologist for admitted angry tirade may have been breach of his contract, but it was not violation of substantive due process). The alleged wrongful termination of a plaintiff's employment is insufficient to state a substantive due process claim unless the plaintiff can also show that the defendants violated some other constitutional right or that state remedies are inadequate. *Montgomery v. Stefaniak*, 410 F.3d 933, 939 (7th Cir. 2005). This he cannot do.

Demos does not claim that the arbitration hearing itself violated his right to procedural due process. Nor could he do so with a straight face; Demos had all the procedural due process to which he was entitled: adequate notice, a hearing on the evidence and an impartial decision by the arbitrator. *International Brotherhood of*

3

*Electrical Workers v. CSX Transportation, Inc.*, 446 F.3d 714, 720 (7th Cir. 2006). Conspicuously, Demos fails to allege that the Teamsters counsel raised the issue of the pending ILRB charge at the time of the arbitration (or otherwise objected to the application of the Corrective Action Guidelines.) This was a fatal error; a grievant's failure to present an issue before an arbitrator forfeits the issue in a subsequent enforcement proceeding. *National Wrecking Co. v. International Brotherhood of Teamsters*, 990 F.2d 957, 960 (7th Cir. 1993). Demos blames CTA and the arbitrator for not raising the issue of the pending ILRB charge *sua sponte* at the arbitration (SAC, ¶ 23), but the arbitrator is not omniscient, nor was it CTA's responsibility to construct legal arguments for the Teamsters.

Demos compounded his error by failing to bring a timely action in state court to vacate the arbitration award based on the so-called "ruling by the ILRB." ALJ Wells issued her Recommended Decision and Order only 22 days after Arbitrator Fletcher's decision, and the limitations period for challenging an arbitration award is 90 days. 710 ILCS 5/12(b). Demos' failure to exhaust his administrative remedies does not confer upon him a due process claim. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005).

4

## CONCLUSION

For all of the foregoing reasons, as well as the reasons stated in its Memorandum in Support of its Motion to Dismiss Plaintiff's First Amended Complaint, CTA respectfully requests that Plaintiff's Second Amended Complaint be dismissed with prejudice.

                                                Respectfully submitted,

                                                Karen Rowan, General Counsel
                                                Chicago Transit Authority

                                              By: _____/s/_____
                                                    Carole A. Corns

Chicago Transit Authority
567 West Lake St.
Chicago, Illinois 60661
(312) 681-2937