IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

PETER ("PETE") DEMOS,            )
                                 )
                Plaintiff,       )
                                 )
     v.                          )    No.  08 C 1186
                                 )
CHICAGO TRANSIT AUTHORITY,       )
                                 )
                Defendant.       )

                  MEMORANDUM OPINION AND ORDER

     Chicago Transit Authority ("CTA") has filed a Fed. R. Civ.
P. ("Rule") 12(b)(6) motion to dismiss with prejudice the Second
Amended Complaint ("SAC")(and hence this action) brought against
it by Peter Demos ("Demos").  Although Demos has framed his
response in terms of the standard exemplified by Conley v.
Gibson, 355 U.S. 41, 45-46 (1957) and Hishon v. King & Spalding,
467 U.S. 69, 73 (1984), this Court has properly scrutinized the
SAC through the more demanding lens most recently prescribed by
Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965, 1974 (2007).
No matter--Demos survives the motion in all events.

     It should be said, however, that this opinion is predicated
on Demos' assertion (his Mem. 1) that "CTA does not challenge
Plaintiff's contention that he has a protected property interest
in his employment."  That may be a possible reading of CTA's
position, but it is not the only possible reading (see its
supporting Mem. 2-3).  That "property interest" issue is one that
the parties have not fleshed out fully, and it may be necessary

to revisit that question later if and when it is properly posed, for the gravamen of Demos' action is that he has been deprived of such a property right.

Subject to that caveat, it is time to look at the predicate for Demos' action. Essentially he urges that CTA must undo the adverse decision that gave rise to the termination of his employment because it obtained that decision under the auspices of a "correctional guideline" that has since been invalidated by a retroactive Illinois Labor Board ("Board") ruling.

To be sure, that Board decision was rendered in a proceeding to which Demos was not a party, nor was the Teamsters union local to which he belongs a member of the "CTA Trade Coalition" that obtained the Board ruling that invalidated the CTA's unbargained-for Revised Corrective Action Guidelines. But here are the relevant provisions of the Board ruling:

> IT IS HEREBY ORDERED that the Respondent, the Chicago Transit Authority, its officers and agents shall
>
> \* \* \*
>
> 2. Take the following affirmative action necessary to effectuate the policies of the Act:
>
> \* \* \*
>
> (b) Restore the status quo ante with respect to the changes to the guidelines until such time as it bargains to agreement or legitimate impasse with the CTA Trade Coalition.
>
> \* \* \*

2

>                    (d) Adjust, correct or expunge the
>               disciplinary records of affected employees to
>               reflect the CTA's reliance on previous
>               guidelines in imposing discipline rather than
>               reliance on the guidelines implemented in
>               March 2005.

And the Administrative Law Judge's recommended decision and order, which was left unchallenged by CTA and thus became the action of the Board itself, plainly treated the invalidity of CTA's revised guidelines in a global sense, with the analysis in that ruling applying to all of the unions with which CTA had collective bargaining relationships (including Demos' Teamsters Local 726), not just to the CTA Trade Coalition.

Under those circumstances two possible analytical paths lead to the same destination. For one thing, because CTA litigated the issue of the validity of its new guidelines vigorously--and unsuccessfully--before the Board, ordinary principles of offensive issue preclusion entitle Demos to claim the benefits of the Board ruling. Alternatively, the Board ruling adjudicated the status of the new guidelines, holding them invalid because they were unbargained-for. And with that determination having been made retroactively, Demos' disciplinary proceeding conducted under those new guidelines cannot stand.[1]

Like most Illinois practitioners, Demos' counsel has chosen

---

[1] CTA's argument that Demos' failure to call attention to the then-pending Board proceedings during the course of his own proceeding is totally unpersuasive.

to carve up his single claim for relief (the operative concept in federal practice--see, e.g., NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992)) into separate counts,[2] each setting out a different theory of recovery.  This opinion will not trouble itself to parse the SAC's allegations in those terms, something that may remain for the future when the facts are more fully developed.  In the meantime CTA's motion is denied, and it is ordered to answer the SAC on or before October 6, 2008.  Finally, the previously-scheduled September 26 status hearing date is vacated and is replaced by a status hearing to be held at 8:45 a.m. October 10, 2008.

_____
Milton I. Shadur
Senior United States District Judge

Date:   September 23, 2008

---

[2] In addition to its constant efforts to inculcate lawyers as to the teaching in NAACP, this Court has often called the attention of counsel to the disconnect between Illinois state practice, in which counts are used to differentiate between "causes of action" (the concept that goes along with Illinois' fact pleading practice, rather than the notice pleading regime in force in the federal courts), and the limited use of different counts prescribed by Rule 10(b).